NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**KURT KANAM,**
*Petitioner-Appellant*

**PILCHUCK NATION,**
*Petitioner*

**v.**

**DOUG BURGAM, Secretary of the Interior, JANEL BRODERICK, Principal Deputy Assistant Secretary for Indian Affairs, exercising the delegated authority of the Assistant Secretary for Indian Affairs,**
*Respondents-Appellees*

---

2026-1010

---

Appeal from the United States District Court for the District of Columbia in No. 1:22-cv-03183-RBW, Judge Reggie B. Walton.

---

**ON MOTION**

---

Before PROST, CHEN, and HUGHES, *Circuit Judges.*

PER CURIAM.

**O R D E R**

Kurt Kanam filed suit in the United States District Court for the District of Columbia seeking to compel recognition of the Pilchuck Nation. The district court dismissed the case, and the United States Court of Appeals for the D.C. Circuit summarily affirmed. Thereafter, Mr. Kanam filed a motion seeking relief from the judgment, and appellees filed an opposition on August 13, 2025. Mr. Kanam then filed a "Petition for Review" to the "United States Court of Appeals for the Thirtinth [sic] Circuit," challenging the "reply brief of August 13[,] 2025" and invoking 29 U.S.C. § 160(f), which was transmitted to this court. In response to this court's show cause order, Mr. Kanam asserts he "is not appealing" from the district court but instead seeks review over "inaction on an administrative petition per 25 CFR 2.600." ECF No. 8 at 1.

Our jurisdiction over appeals from district court cases is generally limited to cases involving the patent laws, *see* 28 U.S.C. § 1295(a)(1); civil actions on review to the district court from the United States Patent and Trademark Office, *see id.* § 1295(a)(4)(C); and cases involving certain damages claims against the United States not exceeding $10,000 in amount, *id.* §§ 1295(a)(2), 1346(a)(2). Mr. Kanam's case clearly does not fall into any of these categories. To the extent Mr. Kanam instead seeks relief relating to 25 C.F.R. § 2.600, which appears to address administrative appeals within the Department of the Interior's Bureau of Indian Affairs, he has failed to show this court has jurisdiction or that transfer to another court would be appropriate.

Accordingly,

KANAM v. BURGUM                                                            3

IT IS ORDERED THAT:

(1)  This matter is dismissed.

(2)  All pending motions are denied.

(3)  Each party shall bear its own costs.

FOR THE COURT

December 10, 2025                          Jarrett B. Perlow
        Date                               Clerk of Court